JS 44   (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Carlos Pena

## DEFENDANTS
MobilexUSA, Inc. and James I. Collins, M.D.

**(b)** County of Residence of First Listed Plaintiff   Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Baltimore
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)* Williams Cuker Berezofsky
Gerald J. Williams, Esq., Beth G. Cole, Esq., Samuel Abloeser, Esq.
1515 Market Street, Suite 1300, Philadelphia, PA 19102
(215) 557-0099

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
　　 Plaintiff

☐ 2  U.S. Government
　　 Defendant

☐ 3  Federal Question
　　 *(U.S. Government Not a Party)*

☒ 4  Diversity
　　 *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | 　　of Property 21 USC 881 | ☐ 423 Withdrawal | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | 　　Product Liability | ☐ 690 Other | 　　28 USC 157 | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | 　　Liability | ☐ 367 Health Care/ | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | 　　Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| 　　& Enforcement of Judgment | 　　Slander | 　　Personal Injury | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | 　　Product Liability | | ☐ 830 Patent | ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted | 　　Liability | ☐ 368 Asbestos Personal | | ☐ 840 Trademark | 　　Corrupt Organizations |
| 　　Student Loans | ☐ 340 Marine | 　　Injury Product | | | ☐ 480 Consumer Credit |
| 　　(Excludes Veterans) | ☐ 345 Marine Product | 　　Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment | 　　Liability | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| 　　of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | 　　Act | ☐ 862 Black Lung (923) | 　　Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 190 Other Contract | 　　Product Liability | ☐ 380 Other Personal | 　　Relations | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | 　　Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 196 Franchise | 　　Injury | ☐ 385 Property Damage | ☐ 751 Family and Medical | | ☐ 895 Freedom of Information |
| | ☒ 362 Personal Injury - | 　　Product Liability | 　　Leave Act | | 　　Act |
| | 　　Medical Malpractice | | ☐ 790 Other Labor Litigation | | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | 　　Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | 　　Act/Review or Appeal of |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | 　　or Defendant) | 　　Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | 　　Sentence | | 　　26 USC 7609 | 　　State Statutes |
| ☐ 245 Tort Product Liability | 　　Accommodations | ☐ 530 General | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| | 　　Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | 　　Other | ☐ 550 Civil Rights | 　　Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | 　　Conditions of | | | |
| | | 　　Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original
　　Proceeding
☐ 2 Removed from
　　State Court
☐ 3 Remanded from
　　Appellate Court
☐ 4 Reinstated or
　　Reopened
☐ 5 Transferred from
　　Another District
　　*(specify)*
☐ 6 Multidistrict
　　Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §1332
Brief description of cause:
Personal Injury-Medical Malpractice

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION**
　　UNDER RULE 23, F.R.Cv.P.
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE   Wendy Beetlestone
DOCKET NUMBER   15-cv-00534

DATE   8/4/15
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| CARLOS PENA | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MOBILEXUSA, INC. AND | : | |
| JAMES I. COLLINS, M.D. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                        ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.       (x)


| 8/4/2015 | BETH G. COLE, ESQUIRE | PLAINTIFF |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-557-0099 | 215-557-0673 | BCOLE@WCBLEGAL.COM |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 3628 N. 7th Street, Philadelphia, PA 19140

Address of Defendant: 930 Ridgebrook Rd., 3rd Flr., Sparks Glencoe, MD 21152

Place of Accident, Incident or Transaction: SCI Quehanna Bootcamp, 4510 Quehanna Highway, Karthaus, PA 16845
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐    No☒

Does this case involve multidistrict litigation possibilities?    Yes☐    No☒
*RELATED CASE, IF ANY:*
Case Number: 15-cv-00534    Judge Wendy Beetlestone    Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes☐    No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes☒    No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?    Yes☐    No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes☐    No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☒ Other Personal Injury (Please specify)^Medical Malpractice
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

### ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Beth G. Cole, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 8/4/2015            Beth G. Cole, Esquire            36419
                                                            Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____    _____    _____
                                        Attorney I.D.#

CIV. 609 (5/2012)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CARLOS PENA                          :
3628 N. 7th Street                   :        JURY TRIAL DEMANDED
Philadelphia, Pennsylvania 19140     :        NO.
                                     :
                         Plaintiff   :        HONORABLE
       vs.                           :
                                     :
                                     :
MOBILEXUSA, INC.                     :
930 Ridgebrook Road, 3rd Floor,      :
Sparks Glencoe, Maryland, 21152      :
                                     :
       and                           :
                                     :
JAMES I. COLLINS, M.D.               :
c/o MOBILEXUSA, INC.                 :
930 Ridgebrook Road, 3rd Floor,      :
Sparks Glencoe, Maryland, 21152      :
                                     :
                                     :
                        Defendants   :

## COMPLAINT (CIVIL ACTION)

## NATURE OF ACTION, JURISDICTION AND VENUE

1.     This is an action for damages arising from the professional negligence of the defendants.

2.     Jurisdiction is vested in this Court by virtue of the presence of diversity of citizenship pursuant to 28 U.S.C. §1332. Plaintiff's claim is for damages in excess of the sum referenced by 28 U.S.C. §1332 (b).

3.     Plaintiff's undersigned counsel has obtained a written statement from an appropriately qualified physician that there is a "reasonable probability" that the above-averred acts and omissions of defendants MobilexUSA, Inc. and James I. Collins, M.D. deviated from

the acceptable professional standards, and were the cause of Carlos Pena's injuries.  Counsel's "Certificate of Merit", signed in compliance with Pennsylvania Rule of Civil Procedure 1042.3(a)(1) and (2) and 40 P.S. §1303.512 is attached hereto as Exhibit "A".

4.  Venue is proper in this judicial district, pursuant to 28 U.S.C. 1391 (b), as a substantial part of the events and omissions giving rise to plaintiff's claims occurred therein.

**THE PARTIES**

5.  Plaintiff, Carlos Pena, resides at 3628 N. 7th Street, Philadelphia, Pennsylvania. After his conviction for possession with intent to deliver a controlled substance on May 2, 2013 Pena was incarcerated at SCI Graterford and SCI Camp Hill.  On October 17, 2013 Plaintiff was transferred to Quehanna Boot Camp in Karthus, Pennsylvania where he remained incarcerated until March 20, 2014. While incarcerated Pena was completely dependent upon defendants for his medical care.

6.  Defendant, MobilexUSA, Inc. (hereinafter Mobilex), is a for-profit Maryland corporation which regularly conducts business in the Commonwealth of Pennsylvania, and whose principal place of business is 930 Ridgebrook Road, 3rd Floor, Sparks Glencoe, Maryland 21152.  Defendant Mobilex, at all relevant times, acting by and through its agent, servant and/or employee, defendant James I. Collins, undertook and/or assisted or otherwise participated in providing mobile, on-site diagnostic services to inmates at SCI Quehanna Boot Camp.

7.  Defendant James I. Collins, M.D. is a physician licensed to practice medicine. Upon information and belief, defendant James I. Collins is a citizen of a state outside of the Commonwealth of Pennsylvania and at all times material hereto, an employee or agent of defendant Mobilex, who acted within the course and scope of his employment or agency and

played a substantial role in Pena's medical treatment on behalf of Mobilex, including providing diagnostic services while Pena was incarcerated at SCI Quehanna Boot Camp.

**ALLEGATIONS OF MATERIAL FACT**

8.      On October 17, 2013 Pena was transferred to SCI Quehanna Boot Camp.

9.      On November 5, 2013 Pena was seen in the medical unit with complaints of bowel problems, including no bowel movements since 10/29. The physician's assistant in the medical unit, Patrick J. Nagle, PAC diagnosed "? PUD, Irregularity", and ordered an Upper GI series.

10.      On November 12, 2013 Pena underwent an Upper GI diagnostic test performed by defendant Mobilex's technician at SCI Quehanna Boot Camp.

11.      On November 13, 2013 defendant James I. Collins, M.D. misread the Upper GI images as "unremarkable" and "normal" and failed to diagnose an annular neoplasm of the gastric antrum extending across the pyloric canal into the base of the duodenal cap.

12.      Between November 15, 2013 and January 28, 2014 Pena's condition continued to worsen, and he experienced constant, intense pain as a result.

13.      On January 29, 2014 when Pena's complete blood count reflected critically, life-threatening low levels of RBC, HGB and HCT he was sent by emergency transport to UPMC Altoona Hospital.

14.      Upon admission to UPMC Altoona Hospital Pena underwent a blood transfusion due to significant anemia.  An Endoscopy was performed which revealed a large gastric mass diagnosed as T3N3 [stage 3"], metastatic gastric cancer.

15.      During his admission from January 29, 2014 through February 24, 2014 Pena underwent a surgical procedure, exploratory laparotomy and lymph node dissection.

16.      On February 6, 2014 the November 12, 2013 Upper GI study was reread by Dr.

Norman Silverman who documented that "These images demonstrate an annular neoplasm of the gastric antrum extending across the pyloric canal into the base of the duodenal cap which was not reported.  Lymphoma seems most likely."

17.     Pena was discharged from UPMC Altoona Hospital on February 24, 2014 and transferred to SCI Smithfield on March 20, 2014 where he underwent outpatient chemotherapy and radiation at UPMC Altoona Hospital from March 21, 1014 through May 9, 2014.

## CAUSES OF ACTION
## COUNT I
## PROFESSIONAL NEGLIGENCE
## PLAINTIFF CARLOS PENA v. DEFENDANTS MOBILEX AND
## JAMES I. COLLINS, M.D.

18.     The allegations of all the preceding paragraphs of this Complaint are re- alleged herein as if fully set forth.

19.     The negligence of the defendant Mobilex by and through its agents, servants and/or employees, including defendant James I. Collins, M.D. consisted of the following:

> a.   Undertaking and performing diagnostic services without being sufficiently qualified, capable or experienced;
>
> b.   Performing diagnostic services in a negligent and careless manner, in misreading as "normal" an Upper GI, failing to detect an abnormal gastric mass lesion that was clearly evident;
>
> c.   Failing to use, in the performance of the same, that degree of skill, care, knowledge and attention ordinarily possessed and exercised by practitioners of the medical profession under like circumstances;

  d.  Failure to use reasonable care in the diagnosis of Pena's medical condition more specifically by misreading as normal an Upper GI and failing to detect the abnormal gastric mass lesion that was clearly evident;

  e.  Failing to seek and obtain advice and instruction, in the performance of the same, from qualified specialists or from superiors;

20. As a foreseeable, direct and proximate result of the defendants' negligent acts and/or omissions as hereinbefore set forth, plaintiff suffered significant bodily injury, an increased risk of serious harm due to delayed diagnosis of gastric cancer, and loss of chance of a better outcome.

21. As a foreseeable, direct and proximate result of the defendants' negligent acts and/or omissions as hereinbefore set forth, Pena was caused to experience intense pain and suffering, discomfort and emotional distress.

## COUNT II
## PLAINTIFF CARLOS PENA v. DEFENDANT MOBILEXUSA, INC.

22. The allegations of all the preceding paragraphs of this Complaint are re-alleged herein as if fully set forth.

23. At all times material hereto defendant Mobilex was responsible for the provision of medical services to plaintiff, including diagnostic care.

24. Through its agents, servants and employees, all of whom acted within the course and scope of their agency, supervision or employment, defendant Mobilex breached its duty to plaintiff by virtue of the actions and failures to act, including, but not limited to:

  a.  Employing the defendant, James I. Collins, M.D. with knowledge of his lack of sufficient qualifications, capability or experience or failing to investigate or ascertain the extent of same;

b.  Directing or permitting the defendant James I. Collins to undertake and perform diagnostic services under the circumstances;

c.  Failing to direct or require the appropriate attention, advice and instruction of qualified specialists as to the same;

d.  Failing to train and supervise its agents, servants and/or employees in their provision of diagnostic services;

e.  Failing to take any precautions to reduce Pena's risk of harm, in part by insisting that radiologists review a high volume of diagnostic studies from remote locations, without adequate safeguards to insure that persons in the position of plaintiff are provided with accurate diagnoses of potentially fatal conditions.

## JURY DEMAND

25.  Plaintiff demands a jury determination of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff asks the Court to enter judgment in his favor and against defendants, individually, jointly and severally, and award him damages in the amount in excess of the sum referenced by 28 U.S.C. § 1332 (b), plus such interest, fees and costs as are allowed by law.

Respectfully submitted,
WILLIAMS CUKER BEREZOFSKY, LLC

Date: August 4, 2015                    By:

GERALD J. WILLIAMS, ESQUIRE
Attorney I.D. No. 36418
BETH G. COLE, ESQUIRE
Attorney I.D. No. 36419
SAMUEL ABLOESER
Attorney I.D. No. 31602
WILLIAMS CUKER BEREZOFSKY, LLC
1515 Market Street, Suite 1300
Philadelphia, PA 19102-1929
Telephone: 215-557-0099
Facsimile:  215-557-0673
Email: gwillliams@wcblegal.com
           bcole@wcblegal.com
           sabloeser@wcblegal.com

*Exh. A.*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CARLOS PENA                                    :
3628 N. 7th Street                             :        JURY TRIAL DEMANDED
Philadelphia, Pennsylvania 19140               :        NO.
                                               :
                          **Plaintiff**        :        HONORABLE
   **vs.**                       :
                                               :
                                               :
MOBILEXUSA, INC.                               :
930 Ridgebrook Road, 3rd Floor,                :
Sparks Glencoe, Maryland, 21152                :
                                               :
   **and**                       :
                                               :
JAMES I. COLLINS, M.D.                         :
c/o MOBILEXUSA, INC.                           :
930 Ridgebrook Road, 3rd Floor,                :
Sparks Glencoe, Maryland, 21152                :
                                               :
                                               :
                          **Defendants**       :

## CERTIFICATE OF MERIT AS TO MOBILEXUSA, INC. AND JAMES I. COLLINS, M.D.

I, Beth G. Cole, Esquire, certify that:

☒ an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by these defendants in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm;

AND/OR

☒ the claim that these defendants deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom these defendants are responsible deviated from an acceptable professional standard and an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by the other licensed professionals in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bring about the harm;

OR

☐ expert testimony of an appropriate license professional is unnecessary for prosecution of the claim against the defendant.

Dated:   August 4, 2015

BETH G. COLE
Attorney for Plaintiff
Williams Cuker Berezofsky, LLC
1515 Market Street, Suite 1300
Philadelphia, PA 19102
215.557.0099
bcole@wcblegal.com